# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY SLADE, ) | Case No.: 1:12-cv-01253 - LJO - JLT |
| ) | |
| Plaintiff, ) | ORDER DENYING A THIRD EXTENSION OF |
| ) | TIME |
| v. ) | |
| ) | (Doc. 17) |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

Before the Court is a third stipulation to extend time filed by the parties in this action, filed on April 22, 2013. (Doc. 17). Plaintiff requests an extension until May 25, 2013, to file her opening brief. *Id.* at 1.

Notably, the scheduling order in this action allows for "a *single* thirty (30) day extension" by stipulation of the parties. (Doc. 5-1 at 4) (emphasis added). This extension was used by the plaintiff in a previous request for an additional thirty days to prepare and serve a confidential brief. (Docs. 11-12). Beyond the single thirty-day extension, "requests to modify [the scheduling] order must be made by written motion and will be granted only for good cause." (Doc. 5-1 at 4) (emphasis added). Thus, the Court construes the stipulation of the parties as a motion by Plaintiff for an extension of time.

Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a

scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986). Further, a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The deadlines are considered "firm, real and are to be taken seriously by parties and their counsel." *Shore v. Brown*, 74 Fed. R. Serv. 3d (Callaghan) 1260, 2009 U.S. Dist. LEXIS 94828 at *7 (E.D. Cal. Oct. 9, 2009).

As provided in the Court's scheduling order, good cause must be demonstrated for modification. (Doc. 5-1 at 4); *see also* Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Johnson*, 975 F.2d at 609 (internal quotation marks, citations omitted). Thus, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

Plaintiff has requested, and received, two extensions of time in this action. (Docs. 12, 14). Plaintiff's counsel, Ms. Bosavanh, requested a second extension of time on January 25, 2013, asserting she had "administrative hearings out of town to prepare and attend as well as a show cause hearing at the federal courthouse." (Doc. 13 at 1). Although Ms. Bosavanh provided *no* explanation for her delay in preparing the confidential brief, knowing the schedule that lay before her as the amended deadline approached, the Court granted the request for a further extension of time. (Doc. 14 at 2).

Here, Ms. Bosavahn seeks the third extension to extend the time to file an opening brief due to her "administrative hearings schedule as well as a preparation for a move of her residence." (Doc. 17 at 1). Once again, Ms. Bosavanh has provided no reason for her delay in preparing the opening brief in spite of her schedule. Seemingly, Ms. Bosavanh was aware of her hearing schedule and the need to prepare for a move, yet failed to plan her time accordingly. To the contrary, Ms. Bosavahn has demonstrated her willingness to disregard the deadlines as "firm" by continually seeking extensions of time without demonstrating good cause, or even providing an explanation. Consequently, the Court cannot find that Plaintiff has been diligent in pursuing the schedule as ordered by the Court.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's motion for an extension of time is **DENIED WITHOUT PREJUDICE.**

IT IS SO ORDERED.

Dated:    **April 23, 2013**                              /s/ Jennifer L. Thurston
                                                         UNITED STATES MAGISTRATE JUDGE