UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY SLADE,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:12-cv-01253 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>(Doc. 30) |

Sengthiene Bosavanh, attorney for Plaintiff Sherry Slade, seeks an award for attorney's fees and expenses pursuant to the Equal Access for Justice Act under 28 U.S.C. § 2412(d). (Doc. 30.) Defendant Carolyn Colvin, Acting Commissioner of Social Security ("Defendant"), opposes the motion, asserting Defendant's position was substantially justified and Plaintiff seeks an excessive amount of fees. (Doc. 31.) For the following reasons, the Court recommends the motion for attorney's fees be **GRANTED IN PART AND DENIED IN PART**.

I.      **Factual and Procedural History**

Plaintiff initiated the action before this Court on July 31, 2012, seeking judicial review of the decision denying her application for benefits under the Social Security Act. (Doc. 1.) The Magistrate Judge found the administrative law judge ("ALJ") erred in considering the opinion of Plaintiff's treating physician, and recommended the action be remanded for further proceedings. (Doc. 19.) This

recommendation was adopted by the Court on September 23, 2013, and the matter was remanded pursuant to sentence four of 42 U.S.C §405(g).  (Doc. 27.)

Following the entry of judgment, Plaintiff filed the application for fees under the Equal Access to Justice Act ("EAJA") now pending before the Court on December 23, 2013.  (Doc. 30.)  Defendant filed an opposition to the motion on January 22, 2014.  (Doc. 31.)

**II.     Legal Standards for EAJA Fees**

The EAJA provides that a court shall award fees and costs incurred by a prevailing party "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  A party eligible to receive an award of attorney fees under the EAJA must be the prevailing party who received a final judgment in the civil action.  28 U.S.C. § 2412(d)(2)(H).

The party seeking the award of EAJA fees has the burden of proof that fees requested are reasonable.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 437 (1983); *see also Atkins v. Apfel*, 154 F.3d 988 (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA).  As a result, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation, and must submit evidence in support of those hours worked."  *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992); *see also* 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended").  The court has an independent duty to review the evidence to determine the reasonableness of the hours requested in each case.  *Hensley*, 461 U.S. at 433, 436-47.

Where documentation of the expended time is inadequate, the court may reduce the requested award.  *Hensley*, 461 U.S. at 433, 436-47.  Further, "hours that were not 'reasonably expended" should be excluded from an award, including "hours that are excessive, redundant, or otherwise unnecessary."  *Id.* at 434.  A determination of the number of hours reasonably expended is within the Court's discretion.  *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484-85 (9th Cir. 1988).

///

### III. Discussion and Analysis

A claimant who receives a sentence four remand in a Social Security case is a prevailing party for EAJA purposes. *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Consequently, Plaintiff was the prevailing party because the Court ordered a remand of the matter for further proceedings pursuant 42 U.S.C. § 405(g). (Doc. 27). Defendant does not dispute that Plaintiff is a prevailing party, but argues the position of the Commissioner was substantially justified and the fees requested are excessive. (Doc. 31.)

#### A. Defendant's position was not substantially justified.

The burden of proof that the position was substantially justified rests on the government. *Scarborough v. Principi*, 54 U.S. 401, 403 (2004); *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005). The Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). In addition, "[a] substantially justified position must have a reasonable basis in both law and fact." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

Establishing that a position was substantially justified is a two-step process. 28 U.S.C. § 2412(d)(2)(D). First, Defendant must demonstrate "the action or failure to act by the agency" was substantially justified. *Id.* Second, Defendant must establish the position taken in the civil action was substantially justified. *Id.* The inquiry into whether or not the government had a substantial justification must be found on both inquiries. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1998). Thus, here, both the ALJ's decision and the Commissioner's arguments to this Court in defense of the administrative decision must have been substantially justified. To find that a position was substantially justified when based on violations of the Constitution, federal statute, or the agency's own regulations, is an abuse of discretion. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996).

Plaintiff's case was remanded for the ALJ's failure to evaluate the medical evidence in a proper manner. (Docs. 25, 27.) The ALJ gave little weight to the opinion of Dr. Barletta, Plaintiff's treating physician, noting: "Dr. Barletta had treated the claimant only twice when he completed the September 2005 assessment, and did not treat her after December 2005." AR at 34. On the other hand, as observed by the Court, the ALJ gave "'substantial weight' to the opinions of Dr. Gikick, who examined

3

Plaintiff only once, and Dr. Doren, who neither treated nor examined Plaintiff." (Doc. 25 at 11.) In light of this fact, the Court determined "the duration of Dr. Barletta's treatment of Plaintiff, in these circumstances, was not a specific, legitimate reason for rejecting the opinion of Dr. Barletta." (*Id.*)

Defendant argues the ALJ's actions were substantially justified because "the Commissioner's regulations specifically direct that an ALJ can consider '[t]he length of the treatment relationship and the frequency of examination' in assessing a medical opinion." (Doc. 31 at 4) (quoting 20 C.F.R. § 404.1527(b)(2)(i)). In addition, Defendant observes: "The Ninth Circuit has also held that the weight affording a treating physician's opinion depends on the duration, frequency, and nature of contact with the claimant." (*Id.*) (citing *Orn v. Astrue*, 495 F.3d 625, 633 (9th Cir. 2007); *Benton v. Barnhart*, 331 F.3d 1030, 1038 (9th Cir. 2003)). Further, Defendant argues that "the ALJ found the assessment inconsistent with the objective medical record." (*Id.* at 4-5) (citing AR 31, 34). Defendant cites notes and medical records from 2005 to 2007, arguing "the medical records and Plaintiff's acknowledged activities indicate she could maintain her neck in a constant position, the ALJ reasonably gave Dr. Barletta's contrary opinion reduced weight and the Commissioner's decision was substantially justified." (Doc. 31 at 6) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)).

According to Defendant, this evidence should have been considered by the Court, and Defendant disputes the Court's assertion that "could not look to 'even the evidence upon which the ALJ could have relied.'" (Doc. 31 at 5) (citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (a reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion")[1]. Defendant asserts, "[E]ven if the ALJ did not expressly connect certain evidence in the record with his conclusions, that evidence is not irrelevant and certainly goes to whether the Commissioner's position was substantially justified." (*Id.*)

Significantly, although the Court must consider the entire record, the Ninth Circuit instructs that when evaluating the decision of an administrative law judge, the reviewing Court "is constrained to review the reasons the ALJ asserts." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (finding

---

[1] Notably, even *Reddick* considered only the reasons articulated by the ALJ when evaluating the claimant's credibility and found the ALJ failed to sufficiently support his conclusion. *Id.* at 722-724.

the court erred in affirming the ALJ's decision "based on evidence that the ALJ did not discuss").

Moreover, the Ninth Circuit explained:

> Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947) ("[I]n dealing with a determination or judgment which an administrative agency alone is authorized to make, [courts] must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis.")

*Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1229 (9th Cir. 2009); *see also Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (the Court is "constrained to review the reasons the ALJ asserts"); *Barbato v. Comm'r of Soc. Sec.*, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) ("the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council"). Thus, the Commissioner is unable to salvage the ALJ's decision with reasons the ALJ did not identify in his decision. Because the ALJ failed to evaluate the medical evidence in a proper manner, the Commissioner's attempt salvage the opinion cannot be substantially justified.

### B. Plaintiff's fee request must be modified.

Defendant argues that if the Court finds the Commissioner's was not substantially justified, the fee award should be reduced "because Plaintiff has failed to meet her burden of proving that the EAJA fees she seeks are reasonable." (Doc. 31 at 7.) According to Defendant, the hours expended by Ms. Bosavanh in this action were excessive. (*Id.* at 8-9.) For example, Defendant observes:

> Plaintiff's attorney bills approximately 28 hours for a 9-page Opening Brief… Plaintiff's attorney claims these hours after she already allegedly spent 12.5 [hours] on the 'lengthy' confidential brief [citation]. Despite the alleged 28 hours expended on drafting and reviewing the brief, Plaintiff's attorney refers to Plaintiff by the wrong name and provides the incorrect application and alleged onset date. Moreover, the first 8.5 pages do not contain Plaintiff's arguments but consist of a short statement of the case, the case proceeds (sic), a description of the medical facts and testimony, and a standard motion language summary of the ALJ's decision.

(Doc. 31 at 9-10.) Furthermore, Defendant notes that Ms. Bosavanh's fee requests in several other cases within the Eastern District of California have been reduced because the Court has determined her requests for fees under the EAJA "contained inappropriate billing for clerical tasks, duplicative tasks

and general over-billing." (*Id.* at 10) (citing, *e.g., Chanthavong v. Astrue*, 2011 WL 6751930 (E.D. Cal. Dec. 23, 2011); *Renya v. Astrue*, 2011 WL 6100609 (E.D. Cal. Dec. 6, 2011); *Kimzey v. Comm'r of Soc. Sec.*, 2011 WL 5101941 (E.D. Cal. Oct. 25, 2011); *Stairs v. Astrue*, 2011 WL 2946177 (E.D. Cal. July 21, 2011); *VonBerckefeldt v. Astrue*, 2011 WL 2746290 (E.D. Cal. July 14, 2014); *Roberts v. Astrue*, 2011 WL 2746715 (E.D. Cal. July 13, 2011); *Singmoungthong v. Astrue*, 2011 WL 2746711 (E.D. Cal. July 13, 2011)). Because Defendant contends Ms. Bosavanh "continues to rely on billing practices that this Court previously rejected, and that artificially inflate her fees," Defendant requests the hours awarded be reduced from 58.2 to 25. (*Id.* at 13-14.)

### 1. Routine tasks

Defendant objects to Ms. Bosavanh's fee request, arguing "[t]here is nothing unusual about this Social Security case that would require [the] excessive amount of time Plaintiff has billed." (Doc. 31 at 6.) Importantly, the minimum amount of time recorded by Ms. Bosavanh is 0.1 hour, even for the review of routine notices issued by the Court. Specifically, Ms. Bosavanh seeks fees for the following routine tasks:

| *DATE* | *DESCRIPTION* | *TIME* |
|---|---|---|
| 07/31/12 | Receive and review docket notice for accurate filing | 0.1 |
| 08/16/12 | Review clerk's notice re: judge assignment | 0.1 |
| 08/21/12 | Review certified mail receipt from US Attorney's office | 0.1 |
| 08/22/12 | Review certified mail receipt from OGS; give to staff for filing | 0.1 |
| 08/24/12 | Review consent to magistrate judge by COSS | 0.1 |
| 08/28/12 | Receive and review return receipt from Attorney General; give to staff to file | 0.1 |
| 11/27/12 | Receive and review court notice of lodging administrative transcript | 0.1 |
| 11/28/12 | Receive and review court notice of acknowledgment of transcript | 0.1 |
| 01/22/13 | Review docket notice re: extension stipulation filed correctly | 0.1 |
| 05/24/13 | Review notice of designation of counsel for service by Attorney Talbert | 0.1 |

(Doc. 30-2 at 7).

Ms. Bosavanh reports she has been "counsel of record on 150 court cases in the U.S. District Court for the District of California, in the Fresno and Sacramento Divisions." (Doc. 30-2 at 4.) Thus, she is an experienced practitioner, and is well-acquainted with the standard notices issued by the Court. Review of the documents identified reveals a majority are single-page documents or standard forms that should require "no more than two to three minutes" to review. *Green v. Astrue,* 2012 U.S. Dist.

6

LEXIS 51768, at *8 (E.D. Cal. Apr. 12, 2012).  For this reason, this Court has disapproved of Ms. Bosavanh's billing practices for reviewing documents such as those identified, explaining: "Six-minute billing increments, which is how Ms. Bosavanh's time entries are recorded and presented, can be problematic when small tasks that require less than six minutes are recorded separately.  Six-minute billing increments can result in a rounding-up that over-calculates the time actually spent on the tasks in total."  *Green,* 2012 U.S. Dist. LEXIS 51768, at *8; *see also Cathey v. Comm'r of Soc. Sec.*, 2013 U.S. Dist. LEXIS 55925, at *19-20 (E.D. Cal. Apr. 18, 2013) (finding the time billed by Ms. Bosavanh to be unreasonable because "[a]n experienced practitioner should not take six minutes to review a notice of lodging transcript, an acknowledgement of receipt of transcript, or certified mail receipts").  Moreover, "purely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them."  *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). The time Ms. Bosavanh took to hand documents to staff for filing should not be compensated.  Accordingly, the Court recommends the time for the above tasks be reduced to 0.4 hour in 2012 and 0.1 hour in 2013.

### 2. Requests for Extension of Time

This Court has observed that "while filing consent forms with the Court and ensuring that the other party consented may be mundane tasks, they are nonetheless tasks for which the attorney is ultimately responsible."  *Elijaeh M. V. v. Astrue*, 2010 U.S. Dist. LEXIS 67616, at *5-6 (E.D. Cal. June 15, 2010).  Accordingly, tasks related to extensions of time may be compensated.  *Stairs*, 2011 U.S. Dist. LEXIS 13486, at *5-6.  Here, Ms. Bosavanh seeks fees for 1.1 hours of work related to extensions of time as follows:

| DATE | DESCRIPTION | TIME |
| --- | --- | --- |
| 12/12/12 | Contact OGC Attorney to request extension of time for brief; review draft of extension document | 0.3 |
| 12/12/12 | Review order granting extension of time | 0.1 |
| 01/22/13 | Request another extension from OGC Attorney; received approval; review draft of extension document | 0.3 |
| 04/18/13 | Request extension for opening brief | 0.1 |
| 04/22/13 | Review extension documents for filing | 0.2 |
| 04/24/13 | Review order denying extension request | 0.1 |

(Doc. 30-2 at 2-3.)[2]

The Scheduling Order in this action permitted "a single thirty (30) day extension of any part of th[e] scheduling order by stipulation of the parties." (Doc. 5-1 at 4.) Beyond this extension, requests for modification of the Court's schedule would "be granted only for good cause" upon a written motion. (*Id.*) In this action, Ms. Bosavanh requested *three* requests of extension of time. After the stipulated extension, Ms. Bosavanh, requested a second extension due to having "administrative hearings out of town to prepare and attend as well as a show cause hearing at the federal courthouse." (Doc. 13 at 1.) Although Ms. Bosavanh provided *no* explanation for her delay in preparing the confidential brief, knowing the schedule that lay before her as the amended deadline approached, the Court granted the request for a further extension of time. (Doc. 14 at 2.) However, Ms. Bosavanh again filed a request for an extension of time for filing Plaintiff's opening brief on April 22, 2013. The Court denied this request, explaining: "Ms. Bosavahn has demonstrated her willingness to disregard the deadlines as 'firm' by continually seeking extensions of time without demonstrating good cause, or even providing an explanation." (Doc. 18 at 2); *see also Shore v. Brown,* 74 Fed.R.Serv.3d (Callaghan) 1260, 2009 U.S. Dist. LEXIS 94828 at *7 (E.D. Cal. Oct. 9, 2009) (explaining deadlines in the Court's scheduling order are considered "firm, real and are to be taken seriously by parties and their counsel").

Given Ms. Bosavanh's unwillingness to adhere to the Court's Scheduling Order in this action, the Court recommends fees related to the second and third requests for extensions of time be denied. In addition, given the standard nature of the requests, the time related to the first extension of time should be reduced. *See VonBerckefeldt v. Astrue*, 2011 U.S. Dist. LEXIS 76356, at *24 (E.D. Cal. July 14, 2011) (noting the Court compensated extensions previously "at a rate of .2 hours for one extension"). Consequently, the Court recommends Ms. Bosavanh be awarded 0.2 hours for the stipulated extension.

### 3.     Time related to preparation of documents

Ms. Bosavanh reports she spent 46 hours related to the merits of the action, including reading, reviewing, and annotating the administrative record; writing the confidential letter brief, opening brief, and reply brief; and editing the documents. (Doc. 30-2 at 3.) Ms. Bosavanh cites a number of cases

---

[2] This does not include the 0.2 hour related to a single extension of time requested by Defendant.

throughout the Country—though none in the Eastern District or even in California—in support of her position that her request for compensation is reasonable. (Doc. 30-1 at 6-7) (citing, e.g., *Tatum v. Barnhart*, 359 F.Supp.2d 866 (D. Alaska 2004); *Dunn v. Shalala*, 1995 WL 23116 (N.D. Ill. Jan. 19, 1995); *Bright-Jacobs v. Barnhart*, 386 F.Supp.2d 1352 (N.D. Georgia 2005); *Barrientos v. Barnhart*, 2004 WL 1381126 (N.D. Illinois 2004); *Norton v. Apfel*, 2000 WL 1099936 (E.D. Louisiana 2000); *Greene v. Barnhart*, 2004 WL 1529298 (D.Maine); *Colegrove v. Barnhart*, 435 F.Supp.2d 218 (W.D. N.Y. 2006)). However, Ms. Bosavanh makes no effort explain how the work she completed is comparable to the work completed by the attorneys in each of the cases identified. Indeed, it is not.

For example, Ms. Bosavanh observes the District of Alaska found 77.2 hours was a reasonable total in *Tatum v. Barnhart*, 359 F.Supp.2d 866 (D. Alaska 2004). In *Tatum*, the Commissioner argued the fee request was unreasonable and that the plaintiff's attorneys "spent an excessive number of hours on the case." *Id.* at 869. However, the court observed that one of the attorneys "spent sixty-nine hours drafting a six-page complaint, a motion for summary judgment supported by a thirty-seven-page brief, and a fourteen-page reply to the Commissioner's opposition." *Id.* (citations omitted). He also participated in oral arguments before the judge, who observed the attorney's "briefs and contributions at oral arguments were helpful and thorough." *Id.* As a result of his work, the matter was remanded for an award of benefits, which were estimated to be "well into six figures." *Id.* at 870. In *Bright-Jacobs*, Northern District of Georgia found 115.65 hours to be reasonable, where the work completed by the claimant's attorney included "preparing [a] *ninety-six* (96) page brief." *Id.*, 386 F.Supp.2d at 1354 (emphasis added). In contrast to the actions taken by the attorneys in *Tatum* and *Bright-Jacobs*, Ms. Bosavanh filed a standard form complaint, filed a *nine*-page opening brief that contained a superficial summary of the evidence, with only one page of argument. (*See* Doc. 9.) The action was not remanded for payment of benefits, but rather for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 27.)

Further, the facts now before the Court are distinguishable from *Colegrove* and *Barrientos*. As Ms. Bosavanh observes, the Western District of New York determined in *Colegrove* that 90.7 hours of attorney time and 3.1 hours for paralegal time was compensable under the EAJA. *Id.*, 435 F.Supp.2d 218. Significantly, the claimant's attorney litigated the action for nine years, and the claim involved

"substantive issues" with an extensive administrative transcript. *Id.* at 221. Ultimately, the Social Security Administration determined Colegrave should receive benefits. *Id.* at 219. Likewise, in *Barrientos*, the claimant's counsel represented her for more than five years, which included at least two requests for review by the district court and ended with a remand for payment of benefits. *Id.*, 2004 WL 1381126. In the matter before the Court, the administrative transcript was similar in size to that in *Colegrove*. However, the claimants' attorneys in *Colegrove* and *Barrientos* completed much more extensive work—over a number of years—while Ms. Bosavanh did not. The only substantive work performed by Ms. Bosavanh occurred between February and April 2013. (*See* Doc. 30-2 at 2-3.) Prior to this period of time, Ms. Bosavanh talked with Plaintiff regarding the appeal, reviewed the form complaint (drafted by someone else), and reviewed standard notices issued by the Court. (*Id.*) The issues presented by Ms. Bosavanh were not novel, and required little research.

Notably, Ms. Bosavanh presents her time related to the confidential brief, opening brief, and reply brief in "block" format, "which bundles tasks in a block of time, [and] makes it extremely difficult for a court to evaluate the reasonableness of the number of hours expended." *Aranda v. Astrue*, 2011 U.S. Dist. LEXIS 63667, at *13 (D. Ore. June 8, 2011); *see also Welch v. Metro. Life Ins.*, 480 F.3d 942, 948 (9th Cir. 2007) ("block billing makes it more difficult to determine how much time was spent on particular activities"). Although counsel is "not required to record in great detail how each minute of his time was expended," *Hensley*, 416 U.S. at 427 n.12, she nevertheless "bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chamers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987). Accordingly, the Ninth Circuit has explained that, where the attorney presents time expended in "blocks," the Court may "simply reduce[] the fee to a reasonable amount." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); *see also Welch,* 480 F.3d at 948 ("We do not quarrel with the district court's authority to reduce hours that are billed in block format"). Because Ms. Bosavanh did not specify how much time she spent to review the record, conduct legal research, and write, the Court is unable to determine whether the time spent on each task was reasonable.

Nevertheless, as Defendant argues, the time reported by Ms. Bosavanh appears excessive. Ms. Bosavanh reports she spent 8.2 hours reading the administrative record (1199 pages), conducting case

1 law review, and outlining the draft of her confidential letter brief on February 21, 2013. (Doc. 30-2 at
2 3.) The next day, she continued her review and annotation of the transcript, outlining, and drafting the
3 "lengthy confidential letter brief," which totaled 52 pages including attachments. *Id.* When preparing
4 the opening brief, Ms. Bosavanh reports that she again "[r]eviewed and annotated Transcript" for 16.8
5 hours. (*Id.*) Although the Court recognizes the need for Ms. Bosavanh to re-acquaint herself with the
6 facts of the case, taking 16.8 hours to do so was redundant and excessive, particularly in light of the
7 fact that the confidential letter brief should have framed the issues of the appeal. *See Oberdieck v.*
8 *Astrue*, 2012 U.S. Dist. LEXIS 112394, at *7 (E.D. Cal. Aug. 9, 2012) (reducing the hours expended on
9 briefing, and explaining that [t]he Court has often noted that preparing the Confidential Letter Brief
10 likely frames the issues and allows some cross-over for the Opening Brief").
11       In light of the fact that Ms. Bosavanh expended 12.5 hours reviewing and annotating the
12 administrative record to prepare a 52-page confidential letter brief, the time spent reviewing and
13 annotating the record a second time not be awarded, given its duplicative and redundant nature.
14 Accordingly, the Court recommends Ms. Bosavanh's time for preparing the opening brief be reduced
15 to a total of 11.1 hours, which appears much more reasonable because its nine pages included only two
16 issues and *one* page of argument.
17                      4.       Time in conjunction with the EAJA fee application
18       Ms. Bosavanh seeks 2.8 hours for work related to preparing her time sheet and motion for
19 EAJA fees. (Doc. 30-2 at 4). This Court has awarded 1.5 hours for these tasks where counsel, such as
20 Ms. Bosavanh is experienced with the preparation of such motions. *See, e.g., Lopez*, 2012 U.S. Dist.
21 LEXIS 78680, at *14 (observing "repeated rulings" on Ms. Bosavanh's applications for EAJA fees
22 "have revealed the similar nature of the[] EAJA petitions and billing statements," and awarding 1.5
23 hours for the work related to the EAJA motion); *Fontana*, 2011 U.S. Dist. LEXIS 79666 (allowing 1.5
24 hours for preparation of the EAJA time sheet). Therefore, the Court recommends a reduction to 1.5
25 hours for tasks related to the EAJA motion.
26                      5.       Award of expenses
27       Ms. Bosavanh seeks an award of $493.50 for expenses. (Doc. 30-1 at 1.) Counsel's expenses
28 may be reimbursed pursuant to the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B). To recover expenses

related to an action, an attorney seeking an award of expenses shall "submit to the court an application…including an itemized statement." *Id.* Here, Ms. Bosavanh has not presented any evidence related to the expenses sought. Consequently, the Court recommends the request be denied.

### IV. Findings and Recommendations

As a prevailing party, Plaintiff is entitled to an award of attorney's fees under the EAJA because the ALJ's decision and the Commissioner's position in defending it to this Court were not substantially justified. *See* 28 U.S.C. § 2412(d)(2)(H). However, as discussed above, the total time expended by Ms. Bosavanh on the action was not reasonable, given the routine and duplicative nature of some tasks. With the reduction set forth above, Ms. Bosavanh is entitled to fees for **38.8** hours of work, which includes 4.6 hours in 2012 and 34.2 hours in 2013. Thus, she is entitled to an award of **$7,243.95**.[3]

Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), this amount is payable to the plaintiff and not the attorney who worked on the matter.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. The request for costs in the amount of $ 493.50 be **DENIED**;
2. Plaintiff's request for attorney's fees (Doc. 30) be **GRANTED** in the modified amount of $7,243.95; and
3. This amount be paid to Plaintiff Sherry Slade.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, any party may file and serve written objections with the Court. A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the Objections shall be filed and served within fourteen days of the date of service of the objections. The parties are advised that

---

[3] This amount represents the statutory maximum rate with adjustments for the increases in costs of living for hours completed in 2012 ($184.32) and 2013 ($187.02). *See "Statutory Maximum Rates Under the Equal Access to Justice Act,"* available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited February 11, 2014).

failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 13, 2014**                    **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE