UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY SLADE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:12-cv-01253- JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Doc. 34) |

Sengthiene Bosavanh, attorney for Plaintiff Sherry Slade, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 34.) Plaintiff did not oppose the motion. Defendant filed a provided an analysis of the request for the Court, noting "the Commissioner has a role 'resembling that of a trustee' for Plaintiff. (Doc. 35 at 2, quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798, n.6 (2002). For the following reasons, the Court recommends the motion for attorney fees be **GRANTED**.

**I.      Factual and Procedural History**

Plaintiff and Ms. Bosavanh entered into a contingent fee agreement on July 20, 2012, which provided Plaintiff would pay twenty-five percent of any awarded past due benefits. (Doc. 34-3.)

On July 31, 2012, Plaintiff filed a complaint for review of the administrative decision denying her Social Security benefits. (Doc. 1). The Court determined the administrative law judge "erred in the evaluation of the medical evidence and in giving less weight to the opinion of Plaintiff's treating

physician." (Doc. 25 at 13.)  Therefore, the Court remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. 27.)  Following the entry of judgment in favor of Plaintiff (Doc. 28), the Court awarded $7,243.95 in attorney fees pursuant to the Equal Access to Justice Act.  (Doc. 33.)

On July 31, 2014, an administrative law judge issued a fully favorable decision, concluding Plaintiff was "disabled from September 1, 2004, through the date of the decision."  (Doc. 34-4 at 5.) On December 18, 2014, the Commissioner issued a notice to Plaintiff, indicating the retroactive benefits amounted to $100,934.00.  (Doc. 34-2 at 3.)

## II.     Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).  A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits.  *Id.* at 807.

## III.    Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).  However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.  In doing so, the Court should consider "the character of the representation and the results the representative achieved."  *Id.* at 808.  In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received."  *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, Plaintiff entered into the contingent fee agreement in which she agreed to pay

twenty-five percent of any awarded retroactive benefits. Ms. Bosavanh accepted the risk of loss in the representation and "expended a total of 58.3 hours in representation of Sherry Slade in this matter through the entry of the order of remand. (Doc. 34 at 8, Bosavanh Decl. ¶ 5.) Previously, this Court determined the total time expended by Ms. Bosavanh was not reasonable given the routine and duplicative nature of many tasks, and awarded fees for 38.8 hours of work. (Doc. 32 at 12; Doc. 33.)

As a result of Ms. Bosavanh's work to remand the action to an administrative law judge, Plaintiff ultimately received an award of benefits for disability. For this, Ms. Bosavanh requests a fee of $25,233.50. (Doc. 21 at 5.) Because $7,243.95 was paid under the EAJA, the net cost to Plaintiff is $17,989.55. (Doc. 35 at 4.) This amount does not exceed twenty-five percent of the retroactive benefits. Although served with the motion and informed a response may be filed (Doc. 34-1), Plaintiff did not file an opposition, and thereby indicates her belief that the fee request is reasonable.

## IV.     Findings and Recommendations

The fees sought by Ms. Bosavanh are reasonable in light of the number of hours expended in this action, and not in excess of the twenty-five percent maximum permitted under 42 U.S.C. §406(b). In addition, there is no indication Counsel performed in a substandard manner or engaged in severe dilatory conduct in the course of her representation to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure an award of benefits following the Court's remand.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. The motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $25,233.50 be **GRANTED**;
2. The Commissioner be **DIRECTED** to pay the amount directly to Ms. Bosavanh; and
3. Counsel be **DIRECTED** to refund $7,243.95 to Plaintiff Sherry Slade.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **April 29, 2015**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE