UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY SLADE,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendants. | Case No.: 1:12-cv-01253 - LJO - JLT<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS GRANTING THE MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)<br><br>(Docs. 34, 36) |

      Sengthiene Bosavanh, attorney for Plaintiff Sherry Slade, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 34.) Plaintiff did not oppose the motion. Defendant filed a provided an analysis of the request, noting "the Commissioner has a role 'resembling that of a trustee' for Plaintiff. (Doc. 35 at 2, quoting Gisbrecht v. Barnhart, 535 U.S. 789, 798, n.6 (2002). On April 29, 2015, the Magistrate Judge recommended the motion for attorney fees be granted. (Doc. 36.)

      The parties were given fourteen days to file any objections, or until May 14, 2015. (Doc. 36.) Defendant filed timely objections the recommendations, asserting the decision of the Magistrate Judge contradicts the Court's prior decision related to the EAJA fee request. (Doc. 37 at 3.) Defendant notes:

> As the Magistrate Judge previously noted, Ms. Bosavanh repeatedly engaged in behavior that delayed the timely adjudication of her client's case (Doc. Nos. 18 at 2; 32 at 8). In fact, Ms. Bosavanh requested three extensions of time in this matter resulting in a four-month delay in adjudication (Doc. Nos. 11, 12, 13, 14). In its denial of Ms. Bosavanh's third extension request, the Magistrate Judge explained that "Ms. Bosavanh

1

> has demonstrated her willingness to disregard the deadlines as 'firm' by continually seeking extensions of time without demonstrating good cause, or even providing an explanation" (Doc No. 18 at 2; 32 at 8). The Magistrate Judge went on to state in her EAJA recommendation that "Given Ms. Bosavanh's unwillingness to adhere to the Court's Scheduling Order in this action, the Court recommends fees related to the second and third requests for extensions of time be denied." (Doc. No. 32 at 8). Again, this Court adopted the recommendation (Doc. No. 33).
>
> Similarly, the Magistrate Judge has already determined that among the 58.3 hours Ms. Bosavanh expended in this case, 19.5 hours were for clerical, redundant, or otherwise noncompensable tasks (Doc. No. 32). In fact, in the February 2014 EAJA recommendation, the Magistrate Judge determined that Ms. Bosavanh was only entitled to fees for 38.8 of the 58.3 hours requested (Doc. No. 32 at 12). In the current F&R, however, the Magistrate Judge recommends that Ms. Bosavanh be compensated for the full 58.3 hours (Doc. No. 36).

(Doc. 37 at 3-4.)  In light of the prior findings, Defendant argues that Ms. Bosavanh should not be awarded 25% of the past due benefits awarded to her client.

On the other hand, Defendant's assertion that Ms. Bosavanh caused four months of delay in the action is not supported by the record.  The parties filed four extensions of time in this action, of which three were filed by Plaintiff.  The Court granted only two requests by Plaintiff, for Ms. Bosavanh to serve Plaintiff's confidential letter brief.  (Docs. 12, 14.)  These extensions resulted in a sixty-day delay of the action.  (See id.)  The third request made by Plaintiff was denied, and Plaintiff filed the brief in compliance with the Court's ordered deadline.  (Doc. 18.)  The final request for an extension of time was filed by *Defendant*, which resulted in the additional thirty-day delay.  (Docs. 22, 203.)  Defendant has not identified any cases that a two-month delay caused by Plaintiff's counsel should result in the reduction of a fee award, and the Court has located none.  Rather, a fee request should only be reduced for delays where counsel causes "excessive delay which resulted in an undue accumulation of past-due benefits."  See Crawford v. Astrue, 585 F.3d 1142, 1151 (9th Cir. 2009).  As the Magistrate Judge found, Ms. Bosavanh did not "engage in severe dilatory conduct" such as that described by the Ninth Circuit in Crawford.

Finally, the Magistrate Judge noted "this Court determined the total time expended by Ms. Bosavanh was not reasonable given the routine and duplicative nature of many tasks, and awarded fees for 38.8 hours of work," rather than the 58.3 hours reported by Ms. Bosavanh.  (Doc. 36 at 3, citing Doc. 32 at 12; Doc. 33.)  Thus, Defendant's assertion that the Magistrate Judge failed to consider the

prior reduction in time is unfounded. Rather, the Magistrate Judge found that the requested award was appropriate despite the reduction in hours because Ms. Bosavanh's work resulted in the matter being remanded to an administrative law judge, where "Plaintiff ultimately received an award of benefits for disability." (Doc. 36 at 3.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and <u>Britt v. Simi Valley United School Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a de novo review of the case. Having carefully reviewed the file, the Court finds the Findings and Recommendations are supported by the record and proper analysis.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The Findings and Recommendations dated April 29, 2015 are **ADOPTED IN FULL**;
2. The motion for attorney fees pursuant to 42 U.S.C. § 406(b) is **GRANTED** in the amount of $**25,233.50**;
3. The Commissioner is **DIRECTED** to pay the amount directly to Ms. Bosavanh; and
4. Ms. Bosavanh **SHALL** refund $7,243.95 to Plaintiff Sherry Slade.

IT IS SO ORDERED.

Dated:   **June 25, 2015**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE